# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CV-00095

**GLENDORA BINGHAM,**
personal representative of estate
of **CARL KEITH BINGHAM,** deceased,                          **PLAINTIFF**

**v.**

**BECKY PANCAKE,** individually,
Warden of the Western Kentucky
Correctional Complex                          **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiff's Motion to Transfer this case to state court (DN 21). Defendant has responded (DN 22). This motion is now ripe for adjudication. For the reasons that follow, this motion is DENIED.

Also before the Court is Defendant's Motion for Summary Judgment (DN 23). Plaintiff has responded (DN 24) and through correspondence received by the Court, Defendant has indicated that she will not file a reply. This motion is now ripe for adjudication. For the reasons that follow, this motion is GRANTED.

## BACKGROUND

Carl Keith Bingham ("Bingham") was a prisoner housed in the Western Kentucky Correctional Complex ("WKCC"). According to the Complaint, in the weeks prior to his death Bingham told prison officials that he was in severe pain and wanted to be seen by a doctor, a request that was repeatedly denied. On May 30, 2008, Bingham died of internal bleeding in route to a hospital in Louisville, Kentucky.

On May 29, 2009, Plaintiff Glendora Bingham brought this § 1983 action on behalf of

1

her son's estate against Defendant Becky Pancake, the Warden of WKCC.  In it, Plaintiff claimed that Bingham had received deliberately indifferent medical treatment, in violation of the Eighth Amendment, prior to his death.  DN 11 at 2.  More specifically, Plaintiff alleged that Defendant "managed a policy, custom, and usage at [WKCC] of not responding to the serious medical needs of prisoners under her care, custody and control." *Id*.  For relief, Plaintiff sought monetary damages.

Following discovery, Plaintiff now moves, through counsel, to transfer this action to the Kentucky Board of Claims ("KBC").  In this motion, counsel for Plaintiff claims that since initiating this suit, he has discovered that the claims against Defendant do not sound under § 1983 and the Eighth Amendment, but rather Kentucky's common law of negligence.  Counsel also says that the KBC is the only venue where Plaintiff may obtain relief against the State of Kentucky, the true tortfeasor in this matter.  Defendant objects, stating that Plaintiff's motion is an elaborate measure to avoid both the already-tolled statute of limitations and an improperly pled complaint.

Defendant has also moved for summary judgment.  In this motion, she states that Plaintiff has failed to present any evidence that a policy or custom of non-treatment existed at WKCC.  In support of this assertion, Defendant provides the deposition of Dr. Steve Hiland, who was the physician responsible for Bingham's care and WKCC's health facilities as a whole.  Plaintiff does not refute Defendant's assertions in this motion or offer evidence supporting her claim; rather, she again draws the Court's attention to the pending motion to transfer and requests that it be granted.

**I. Motion to Transfer**

Plaintiff's Motion to Transfer to the KBC is improper because a federal district court is not vested with the power to transfer an action pending before it to a state trial court. District courts have the power to transfer venue to a district where the case could have been brought "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). In a case where venue is inappropriate, the district court may "dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."[1] 28 U.S.C. § 1406(a). However each of theses statutes explicitly contemplate transfer of an action between other federal courts, not state courts. Transfer of this action to a state court is clearly prohibited by §§ 1404(a) and 1406(a). *See e.g.*, *Pope v. Atlantic Coast Line R. Co.*, 345 U.S. 379, 384 (1953) (Section 1404(a) does not apply to transfers to state courts); *Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 371 n. 2 (6th Cir. 2008) (same); *Lawson Steel, Inc. v. All State Diversified Products, Inc.*, No. 1:10-cv-1750, 2010 WL 5147905, at *4 n. 5 (N.D. Ohio Nov. 23, 2010) (same); *Egrsco, LLC v. Evans Garment Restoration, LLC*, No. 2:09-CV-358, 2009 WL 3259423, at *3 n. 2 (S.D. Ohio Oct. 8, 2009) ("[F]ederal courts cannot transfer a case to state court.").

While Plaintiff claims that transfer from federal to state court is not explicitly barred by the federal rules, she is incorrect. Indeed, dismissal of this action is the only appropriate measure the Court could take to allow the Plaintiff to pursue this action anew in a state forum. Considering the unambiguous precedent, the Court need not address the other arguments

---

[1] As this matter was originally brought under a federal statute to redress constitutional rights violated in the Western District of Kentucky, venue in this matter is not improper; therefore § 1406(a) is inapposite.

Plaintiff offers in her motion.² Additionally, while Plaintiff further requests that the Court stay the present action, she does not provide a reason for this relief or explain what will be accomplished during the petitioned-for delay. As such, Plaintiff's Motion to Transfer or Stay this matter is DENIED.

## II. Motion for Summary Judgment

Defendant also moves for summary judgment in this action, charging that Plaintiff has failed to provide any evidence of a policy or custom present at WKCC where the constitutional rights of prisoners' were systematically violated. Plaintiff does not deny this contention; instead she says that pretrial discovery has "revealed that this case is in reality a negligence case instead of a [§ 1983] action" and asks the Court to transfer the matter to the KBC. The Court finds this document non-responsive, as it concedes the illegitimacy of the current claim.

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

² At the heart of Plaintiff's motion appears to be the desire to avoid the applicable statute of limitations. Kentucky has a one year statute of limitations for negligent medical care. KRS § 413.140(1)(e). Plaintiff argues that the Sixth Circuit has equitably tolled the statute of limitations in past cases where a court dismissed an action for want of jurisdiction. *See Gibson v. American Banker Ins. Co.*, 289 F.3d 943, 946 (6th Cir. 2002). However this decision is irrelevant to the matter at hand; not only does *Gibson* deal with tolling when an action is initially filed in a state court, but the court ultimately rejected the request since tolling "should be applied sparingly and only when exceptional circumstances prevented timely filing through no fault of the plaintiff." *Id*. at 948.

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

As stated above, the time has passed for Plaintiff to file a legitimate response to Defendants' Motion for Summary Judgment. Since the law requires that Plaintiff present more than a mere scintilla of evidence in support of her position, demonstrating that an issue of material fact, the Court must grant the Defendant's motion. *See Hartsel*, 87 F.3d at 799. Ignoring momentarily however Plaintiff's meager response, this Court still believes that at present there are no issues before it that would require review by a jury.

Plaintiff has not provided any evidence to support her allegations that Defendant instituted a policy or custom of denying prisoners adequate medical care.[3] The issue is merely

---

[3] Although most § 1983 claims for violations of policy and custom are direct actions against a municipality or an official capacity suit against an employee of a municipality, individual capacity claims may also be founded upon implementing unconstitutional state policies and practices. *Hafer v. Melo*, 52 U.S. 21, 26 (1991); *Broder v. Corr. Medical Servs., Inc.*, No. 03-75106, 2008 WL 704229, at *2-3 (E.D. Mich. Mar. 14, 2008).

alleged in the Complaint, as Plaintiff has failed to supply any depositions or factual exhibits upon which this Court could find the existence of a material fact. On the other hand, Defendant has attached the deposition of Dr. Hiland that explicitly refutes the notion that she encouraged or promoted the non-treatment of prisoners such as Bingham. DN 23-3 at 3-4. This circuit has a propensity for granting summary judgment where a nonmoving party fails to offer affidavits supporting its position. *See e.g.*, *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). In the face of Defendant's supportive affidavit, Plaintiff's regrettably sparse response, and the admission that this matter should have been filed under Kentucky's negligence laws, the Court believes that summary judgment is appropriate.

## CONCLUSION

FOR THE FOREGOING REASONS, Plaintiff's Motion to Transfer or Stay (DN 21) is DENIED. Also, Defendant's Motion for Summary Judgment (DN 23) is GRANTED. An appropriate order shall issue.